SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
*mburns@seyfarth.com*
560 Mission Street, Suite 3100
San Francisco, California  94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Kelly A. Cohen (SBN 283594)
*kcohen@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California  90067
Telephone:  (310) 201-9306
Facsimile:  (310) 551-8426

Attorneys for Defendants
MICHAELS STORES INC.,
MICHAELS STORES PROCUREMENT
COMPANY INC., STEPHANIE GORDON-
MADRID and DAVID ACUNA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CAMERON LOWE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES INC., MICHAELS STORES PROCUREMENT COMPANY INC., STEPHANIE GORDON-MADRID, DAVID ACUNA, and DOES 1 through 100,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS MICHAELS STORES, INC., MICHAELS STORES PROCUREMENT COMPANY, INC., STEPHANIE GORDON-MADRID AND DAVID ACUNA'S NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 21STCV37248) |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants MICHAELS STORES, INC., MICHAELS STORES PROCUREMENT COMPANY, INC., STEPHANIE GORDON-MADRID and DAVID ACUNA (collectively, "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. § 1332, and states that the removal is proper for the following reasons:

## I.    BACKGROUND

1.    On October 8, 2021, Cameron Lowe ("Plaintiff") filed a Complaint in the Superior Court of California, County of Los Angeles, entitled Cameron Lowe v. Michaels Stores, Inc., Michaels Stores Procurement Company, Inc., Stephanie Gordon-Madrid, David Acuna, and  Does 1 to 100 inclusive, Case No. 21STCV37248 ("Complaint").

2.    The Complaint alleges the following causes of action: 1) Breach of Express Contract; 2) Breach of the Covenant of Good Faith & Fair Dealing; 3) Wrongful Termination in Violation of Public Policy; 4) Violation of California Constitution; 5) Violation of California Government Code §12900, et seq.; 6) Violation of Business & Professions Code §17200; 7) Fraud; 8) Intentional Infliction of Emotional Distress; 9) Violation of Civil Code §51, et seq; 10) Violation of Labor Code-rest, meal period; 11) Violation of Labor Code §§226, 1198.5 - Wage statements; 12) Violation of California Labor Code §1102.5 - (Whistleblower).  A true and correct copy of the Complaint, is attached as **Exhibit A**.  (*See* Exh. A to Declaration of Michael J. Burns ["Burns Decl."].)

3.    On December 2, 2021, Defendants Stephanie Gordon-Madrid and David Acuna were served with the Summons and Complaint by personal service.  A true and

2

77766540v.3

correct copy of the Summons and its accompanying documents (i.e. Complaint, Notice of
Case Reassignment, Certificate of Mailing, Notice of Case Management Conference,
Notice of Case Assignment - Unlimited Civil Case, First Amended General Order,
Voluntary Efficient Litigation Stipulations, Informal Discovery Conference, Stipulation
and Order - Motions in Limine, General Order re Use of Voluntary Efficient Litigation
Stipulations, Alternative Dispute Resolution Information Package) and all Proofs of
Service of Summons are attached hereto as **Exhibit B.**  (*See* Exh. B to Burns Decl.)

4.      On December 3, 2021, Plaintiff served his Complaint and a summons on
Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company Inc.'s
registered agent, CSC, by personal service.  A true and correct copy of the Summons and
its accompanying documents (i.e. Complaint, Notice of Case Reassignment, Certificate of
Mailing, Notice of Case Management Conference, Notice of Case Assignment -
Unlimited Civil Case, First Amended General Order, Voluntary Efficient Litigation
Stipulations, Informal Discovery Conference, Stipulation and Order - Motions in Limine,
General Order re Use of Voluntary Efficient Litigation Stipulations, and Alternative
Dispute Resolution Information Package) are attached hereto as **Exhibit C.**  (*See* Exh. C
to Burns Decl.) Plaintiff did not file Proofs of Service of Summons on these Defendants.
(Burns Decl. ¶ 5.) On December 30, 2021, Defendants timely filed an Answer to the
Complaint in California Superior Court for Los Angeles County.  A true and correct copy
of the Answer is attached as **Exhibit D**.  (Exh. D to Burns Decl.)

5.      Defendants have not filed or received any other pleadings or papers, other
than the pleadings described as **Exhibits A through D** in this action prior to filing this
Notice of Removal (Burns Decl. ¶ 6.)

6.      Aside from the Case Management Conference scheduled for February 23,
2022, there are no pending hearings scheduled in the Los Angeles County Superior Court
in the state court action. (Burns Decl. ¶  7.)

7.      As discussed in greater detail below, Plaintiff is a citizen of California and
Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are

3

77766540v.3

citizens of the States of Delaware and Texas.  Defendants Gordon-Madrid and Acuna are citizens of California, but they are "sham" defendants, such that, for purposes of diversity of citizenship jurisdiction, they can be disregarded.

## II.    TIMELINESS OF REMOVAL

8.    The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("We have also emphasized that a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability. Accordingly, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."; citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005).)

9.    This Notice of Removal is timely because it is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint on December 2 and 3, 2021. 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.")

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10.    This Court has original jurisdiction of this action  under 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable from state to federal court pursuant to 28 U.S.C. § 1441(a), as it is between citizens of different states and  the

amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### A.    Plaintiff Is A Citizen of California

11.    To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States; and (b) a domiciliary of one particular state.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his or her domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

12.    Here, Plaintiff is, and at all times since the commencement of this action has been a citizen of Los Angeles County, California.  (*See* Exh. A, ¶ 11.)  Plaintiff is thereby domiciled in California, and a citizen of California for purposes of diversity jurisdiction.

### B.    Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are Not Citizens of California

13.    Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are now, and  were at the time of the filing of this action,  citizens of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).   Pursuant to 28 U.S.C. § 1332(c)(1), a corporate entity "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are now, and ever since this action commenced, have been incorporated under the laws of the State of Delaware, with their principal places of business in Texas.  (*See* Declaration of Joyce Davis ("Davis Decl.") ¶ 3.)

14.    The appropriate test to determine a corporate entity's principal place of business is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the corporate officers "direct, control, and coordinate the corporation's activities" and where the corporate entity maintains its headquarters.  *Id*.  As Texas is the site of Defendants

DEFENDANTS' NOTICE OF REMOVAL

Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc.'s Defendant corporate headquarters and executive offices, and where their high level officers and directors are located, their "nerve center" is in Texas.  (Davis Decl., ¶ 4-5.)  Accordingly, Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are, and have been at all times since this action commenced,  citizens of both Delaware and Texas.

**C.    Because Defendants Gordon-Madrid and Acuna Are Sham Defendants, Their Citizenship Must Be Disregarded For Determining Diversity Jurisdiction**

15.    Gordon-Madrid and Acuna must be disregarded for purposes of diversity because they are "sham" defendants, i.e. they cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against the resident defendant); *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal. 2002) ("Section 1441(b) does not prevent removal of an action to which the plaintiff fraudulently joins resident defendants.").

16.    Gordon-Madrid and Acuna are sham defendants because they have been fraudulently named.  Joinder of a defendant is fraudulent and a "sham" if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), cert. denied, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d  1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

DEFENDANTS' NOTICE OF REMOVAL

77766540v.3

17.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham of fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant is "entitled to present the facts showing the joinder to be fraudulent").

18.    If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).  Here, Defendants Gordon-Madrid and Acuna also intend to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure following removal.

### 1.    Gordon-Madrid and Acuna Are Sham Defendants Because There Is No Personal Liability For Plaintiff's Claims Alleged Against Them

19.    Plaintiff's Complaint arises from an employment dispute with his former employer, Michaels Stores Procurement Company, Inc.  However, Plaintiff has fraudulently named Gordon-Madrid and Acuna as defendants to his fourth cause of action of Violation of California Constitution, his fifth cause of action of Violation of California's Fair Employment and Housing Act ("FEHA"), his sixth cause of action for Violation of Business and Professions Code Section 17200, his seventh cause of action for Fraud, his eighth cause of action for Intentional Infliction of Emotional Distress, his ninth cause of action for violation of Cal. Civ. Code Section 51 ("Unruh Civil Rights Act") and his twelfth cause of action for violation of Labor Code Section 1102.5.   None of these causes of action are viable against an individual supervisors like Gordon-Madrid and Acuna as a matter of law.

DEFENDANTS' NOTICE OF REMOVAL

77766540v.3

20.    FEHA does not impose personal liability on individual supervisors or coworkers. *Reno v. Baird,* 18 Cal.4th 640, 656 (1998); *see also* CHIN ET AL., CAL. PRAC. GUIDE EMPLOYMENT LITIGATION (Rutter Group - Dec. 2019 update) ¶ 9:2146 ("An aggrieved individual has no FEHA claim against individual supervisors or coworkers who discriminate against him or her . . . . Nor is a supervisor personally liable for *retaliation* under the FEHA.")(italics included in original). Plaintiff's third, seventh and eighth causes of action are derivative of Plaintiff's FEHA claims.

21.    As a matter of law, Gordon-Madrid and Acuna cannot be held liable for Plaintiff's sixth cause of action for violation of Business and Professions Code Section 17200 as they are not an "owner or officer of [defendant] corporation. *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458 (2008), *abrogated on other grounds by Martinez v. Combs,* 49 Cal. 4th 35 (2010).

22.    As a matter of law, Gordon-Madrid and Acuna cannot be held liable for Plaintiff's ninth cause of action for violation of the Unruh Civil Rights Act as it applies to "business establishments" and not individuals (Cal. Civ. Code Section 51(b)).

23.    As a matter of law, Gordon-Madrid and Acuna cannot be held liable for Plaintiff's twelfth cause of action for Retaliation in Violation of Labor Code § 1102.5. See Crone v. Tracy Unified Sch. Dist., No. 2:20-CV-01451-JAM-AC, 2020 WL 7182345 (E.D. Cal. Dec. 7, 2020) ("Because a claim under 1102.5 cannot be brought against an individual, Plaintiff's claim against defendant fails as a matter of law."); see also United States v. CardioDx, Inc., No. 15-CV-01339-WHO, WL 2019 WL 2163002 (N.D. Cal. May 17, 2019) (finding no individual liability under Labor Code § 1102.5); Bales v. Cty. of EL Dorado, No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235 (E.D. Cal. Sept. 20, 2018) (finding no individual liability for individual defendant under Labor Code § 1102.5).

**2.    Gordon-Madrid and Acuna Are Sham Defendants Because They Cannot Be Held Liable Under The Managerial Privilege**

77766540v.3

24.    Even if Plaintiff had properly asserted a cause of action against Gordon-Madrid and Acuna (he did not), the factual allegations mentioning Gordon-Madrid and Acuna still could not support a viable cause of action against them as a matter of law because the managerial privilege precludes personal liability.

25.    The concept of managerial privilege arises where an agent acts for the benefit of the principal rather than his own self-interest. *Morris v. Mass. Electric Construction Co.*, No. CV157804DMGGJSX 2015 WL 6697260, at \*2 (C.D. Cal., Nov. 3, 2015). **Here, the following single allegation is the totality of the allegations against Acuna in the entire Complaint:**

> Acuna was abusive, biased and discriminated against Plaintiff due to his race, ancestry and did the same to others, causing a hostile work environment. (Exh. A, ¶ 9).

There is not a <u>single</u> allegation in the Complaint directed at Gordon-Madrid.

As the California Supreme Court held in *Reno,* only employers are liable for personnel management actions of their employees:

> By the inclusion of the "agent" language the Legislature intended only to ensure that **employers** will be held liable if their supervisory employees take actions later found discriminatory and that **employers** cannot avoid the liability by arguing that a supervisor failed to follow instructions or deviated from the employer's policy. *Reno,* 18 Cal. 4th at 647.

Thus, the Court held that "it is 'inconceivable' that the Legislature simultaneously intended to subject individual non-employers to the burdens of litigating such claims. To so construe the statute would be 'incongruous' and 'would upset the balance' struck by the Legislature." *Id*. at 651 (citations omitted). The Court then cautioned that "if every personnel manager risks losing his or her home, retirement savings, hope of children's college education, etc., whenever he or she made a personnel management decision, management of industrial enterprises and other economic organizations would be seriously affected." *Id*. at 652-53.

26.    The Court in *Reno* stressed that a theory that imposed individual liability "would place a supervisory employee in direct conflict of interest with his or her employer every time that supervisory employee faced a personnel decision." *Id*. at 653. The Court explained that it "would coerce the supervisory employee not to make the optimum lawful decision for the employer.  Instead, the supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended." *Id*.  The Court concluded that "the employee would thus be placed in a position of choosing between loyalty to the employer's lawful interests at severe risks to his or her own interests and family, versus abandoning the employer's lawful interests and protecting his or her own personal interests.  The insidious pressures of such a conflict present sobering implications for the effect of management of our industrial enterprises and other organizations of public concern." *Id*.  Thus, the Court determined that "we believe that if the Legislature intended to place all supervisory employees in California in such a conflict of interest, the Legislature would have done so . . ." *Id*.; *accord Garza v. BNSF, Co.*, 2012 WL 2118179 at *4 (E.D. Cal., June 11, 2012) ("FEHA does not allow for individual liability for discriminatory acts.  Further, under Title VII, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee") (citing *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998)); *Leland v. City & County of San Francisco*, 576 F. Supp. 2d 1079, 1088 (N.D. Cal. 2008) ("under FEHA, no individual liability attaches for claims of discrimination").

27.    Accordingly, Plaintiff has not stated, and cannot state, a viable claim against Gordon-Madrid and Acuna.  Gordon-Madrid and Acuna are sham defendants and their citizenship should be disregarded for purposes of the diversity jurisdiction analysis.

**D.    Residence And Citizenship Of Doe Defendants To Be Disregarded**

28.    Plaintiff has also named Does 1 through 100 as defendants. However, pursuant to 28 U.S.C. § 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unknown defendants sued as "Does" need not be joined in a removal petition). Thus, the existence of alleged Doe defendants in this case does not deprive this Court of jurisdiction.

29.    Accordingly, pursuant to 28 U.S.C. Section 1332(c), Plaintiff and all Defendants have diverse citizenship.

**E.    Amount in Controversy**

30.    While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount."). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

31.    Plaintiff's Complaint seeks general damages, special damages, interest, compensatory damages, punitive damages and attorneys' fees, restitution and disgorgement, cost and expenses, wages and or penalties, pre-judgment and post-judgment interest, and unpaid wages under the Unfair Competition Act all "in an amount not less than $1,000,000" for **each** prayer for judgement (See Exh. A. Prayer for Judgment).

32.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).  In this case, Plaintiff seeks economic damages (including but not limited to lost wages/lost benefits) (Exh. A, ¶¶ 20, 39, 45, 53, 60,  and Prayer for Relief No. 1 and No. 2), emotional distress damages (Exh. A, ¶¶3, 35, 39,42, 45, 53, 60, 64, and Prayer for Relief No. 4) and punitive damages (Exh. A, ¶¶ 29, 40, 46, 50, 54, 61, 65 and Prayer for Relief No. 5).

33.    Plaintiff seeks economic damages in the form of lost wages.  Plaintiff's last day worked was October 18, 2019.  (Exh. A, ¶ 9.)  At that time, he earned an hourly rate of $14.21, equivalent to a salary of approximately $29,556.80 per year  per year.  (Davis Decl., ¶ 6.)  Without admitting the veracity of Plaintiff's allegations or the amount of alleged damages, if Plaintiff were to succeed in his claims, assuming the case went to trial in a year, he could obtain an economic damages award of just back wages of approximately $88,770. .  This exceeds the jurisdictional minimum, without considering other non-economic damages (such as emotional distress or punitive damages, all of which Plaintiff seeks) or any attorney's fees.  Since Plaintiff meets this jurisdictional minimum with a reasonable estimate of his back pay damages alone, it is safe to say that the amount in controversy exceeds $75,000 in this case.

34.    Taking into account Plaintiff's prayer for general, special and punitive damages, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

35.    Plaintiff's Complaint also contains a prayer for statutory attorney's fees. (*See e.g.,* Exh. A, Prayer for relief No. 3.)  Requests for attorney's fees must be considered in ascertaining the amount in controversy.  *See Galt, supra*, 142 F.3d at 1156

12

77766540v.3

(claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000. Verdicts show that attorneys' fees in employment cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation). (*See* **Exhibit E** to Burns Decl.)

36. In addition, to establish the amount in controversy, a defendant may also rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Salinda v. DIRECTV Inc.*, Los Angeles County Superior Court, Case No. BC475999, 45 Trials Digest 16th 9 (August 23, 2013) (jury attributed $214,171 of damages to plaintiff's disability discrimination claim, $750,000 of damages to plaintiff's failure to prevent discrimination and/or retaliation claim, and $214,170 of damages to plaintiff's interactive process claim); *Duffy v. City of Los Angeles*, Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts LEXIS 9447 (August 12, 2013 verdict) (verdict for $500,000 future economic loss, $74,000 past economic loss and $2,375,000 in emotional distress damages in age and race harassment and discrimination case); *Behar et al. v. Union Bank et al.* Los Angeles Superior Court Case No. BC427993, VerdictSearch California Reporter, Vol. 12, (April 9, 2013 verdict) (verdict for between $186,000 and $800,000 for each plaintiff in economic damages and over $700,000 in non-economic

damages for each plaintiff in two-plaintiff age/national origin discrimination and harassment case). (**Exhibit F** to Burns Decl.)

37. Based on the above, it is beyond dispute that the amount in controversy in this matter exceeds $75,000.

## IV. <u>VENUE</u>

38. Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of Los Angeles, and actions giving rise to the Complaint occurred in the County of Los Angeles.

## VI. <u>NOTICE OF REMOVAL</u>

39. Notice of this notice of removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## VII. <u>PRAYER FOR REMOVAL</u>

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: January 3, 2022                    SEYFARTH SHAW LLP

By: */s/ Kelly A. Cohen*
Michael J. Burns
Kelly A. Cohen
Attorneys for Defendants
MICHAELS STORES, INC., MICHAELS STORES PROCUREMENT COMPANY INC., STEPHANIE GORDON-MADRID, and DAVID ACUNA

14