UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00026-SVW-RAO | Date | February 24, 2022 |
|---|---|---|---|
| Title | *Cameron Lowe v. Michaels Stores, Inc. et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:     ORDER GRANTING MOTION TO REMAND [15]**

Before the Court is Plaintiff Cameron Lowe's ("Plaintiff") motion to remand. *See* ECF No. 15. Plaintiff brings this breach of employment contract and wrongful termination action against Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. (the "Employer Defendants") and individual managers Stephanie Gordon-Madrid and David Acuna (the "Manager Defendants"). Compl. ¶ 1–2, ECF No. 3-1.

Defendants removed this action on the basis of diversity jurisdiction. *See* Not. Removal, ECF No. 1; 28 U.S.C. § 1332. Plaintiff and the Manager Defendants are citizens of the state of California, *see* Mot. at 5, which, on the face of the complaint, precludes a finding of complete diversity. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "However, in determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

Defendants argue that Manager Defendants were fraudulently joined and that their citizenship must be disregarded for purposes of diversity jurisdiction. *See* Not. Removal ¶¶ 15-18, ECF No. 1; *see Grancare, LLC*, 889 F.3d at 548. In response, Plaintiff argues that Defendants have not met their burden to establish fraudulent joinder. *See* Mot. at 9-13, ECF No. 15.

                                                                                                    :
                                                                                        Initials of Preparer
                                                                                                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00026-SVW-RAO | Date | February 24, 2022 |
|---|---|---|---|

| Title | *Cameron Lowe v. Michaels Stores, Inc. et al* |
|---|---|

The burden of establishing federal jurisdiction is on the party invoking removal, and the removal statute is strictly construed against removal. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To establish fraudulent joinder, a party must prove by clear and convincing evidence either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC*, 889 F.3d at 548. Defendants advance only the latter theory in their Notice of Removal.

A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)); *see Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). If there is any possibility "that a state court would find the complaint states a cause of action against any of the resident defendants," joinder is proper and the federal court must remand the action to state court. *Hunter*, 582 F.3d at 1046.

Defendants must establish fraudulent joinder by "clear and convincing evidence." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). The Court may look beyond the pleadings in evaluating Defendants' claim, as Defendants must "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *See Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *see Grancare, LLC*, 889 F.3d at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Remand must be granted unless the defendant proves that the plaintiff cannot be afforded leave to amend the complaint to cure the purported deficiency. *Padilla*, 697 F. Supp. 2d at 1159.

Here, Defendants have failed to satisfy their heavy burden. *See Hunter*, 582 F.3d at 1044. In a conclusory manner, Defendants assert that there is no possibility that Plaintiff will be able to establish a

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00026-SVW-RAO | Date | February 24, 2022 |
|---|---|---|---|
| Title | *Cameron Lowe v. Michaels Stores, Inc. et al* | | |

cause of action against Defendant Managers. Though Defendants cite a number of legal standards applicable to Plaintiff's complaint, *see* Opp'n at 7–9, Defendants fail to actually apply these standards to the facts at issue.

For example, Defendants argue that Plaintiff's claim under the California Fair Employment and Housing Act ("FEHA") cannot stand because Plaintiff has not pleaded facts showing that harassment occurred "outside the scope of [the Manager Defendants'] necessary job performance." Opp'n at 7–8 (citing *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998)). Defendants assert that the Manager Defendants are immune from liability under *Baird* because the complaint only alleges their "personnel decision" in terminating Plaintiff. *See Baird*, 18 Cal. 4th at 646. Defendants conclude that the Manager Defendants were fraudulently joined.

Critically, however, Defendants do not address the possibility that Plaintiff's harassment may have occurred outside the scope of the Manager Defendant's necessary job performance. For example, Plaintiff states that the Manager Defendants harassed him because he was black, which is conduct that "that is avoidable and unnecessary to job performance[.]" *See id.* Because Defendants fail to adduce evidence indicating that Plaintiff could not plead such a theory, their claim for fraudulent joinder is unavailing. *See Padilla*, 697 F. Supp. 2d at 1159; *see* Not. Removal at 7–10.

Even if the facts as pleaded in Plaintiff's complaint are insufficient, the fraudulent joinder inquiry requires a greater showing than Fed. R. Civ. P. 12(b)(6) does. *Hunter*, 582 F.3d at 1046 ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.") (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)); *see Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00026-SVW-RAO | Date | February 24, 2022 |
|---|---|---|---|
| Title | *Cameron Lowe v. Michaels Stores, Inc. et al* | | |

For these reasons, the Court finds that Defendants have not established by "clear and convincing evidence" that the Manager Defendants were fraudulently joined. *See Hamilton Materials, Inc.*, 494 F.3d at 1206. Defendants fail to adduce any additional evidence establishing fraudulent joinder, *see Padilla*, 697 F. Supp. 2d at 1159, and apply the incorrect standard in their analysis. *See Grancare, LLC*, 889 F.3d at 549.

Accordingly, the Court cannot disregard the Manager Defendants' citizenship for purposes of diversity jurisdiction. *See id.*; *see Cockrell*, 232 U.S. at 152. The Court must remand the case to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 789–790 (9th Cir. 2018).[1]

Plaintiffs' motion to remand is GRANTED.

**IT IS SO ORDERED.**

---

[1] Because the Court's discussion of fraudulent joinder is dispositive, it need not resolve the parties' remaining claims.

Initials of Preparer           :
PMC